# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0002V

| | |
|---|---|
| LEONARD SHERMAN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: October 8, 2025 |

*Philip F. Von Kuhn, Coyne, von Kuhn, Brady & Fries, LLC,* Shelton, CT, for Petitioner.

*Sarah B. Rifkin,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 3, 2023, Leonard Sherman filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration after receiving a tetanus, diphtheria, and acellular pertussis vaccination on January 4, 2021. Petition, ECF No. 1. On May 12, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,945.76 (representing $18,235.00 in fees plus $2,710.76 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 16, 2025. ECF No. 42. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses.

Respondent reacted to the motion on July 25, 2025, reporting that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 43. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

# ATTORNEY FEES

*A. Hourly Rates*

Petitioner requests that I apply the hourly rate of $350.00 for work performed by his attorney Philip F. Von Kuhn in the 2022-25 timeframe. Mr. Von Kuhn represents that he has been admitted to practice law in the State of Connecticut since 1985 and was admitted to this Court in 2022. ECF No. 42 at 6. Based on my experience applying the factors[3] relevant to determining proper hourly rates for Program attorneys, I find Mr. Von Kuhn's proposed rate of $350.00 reasonable and shall be awarded herein.

*B. Paralegal Tasks Improperly Billed at Attorney Rate*

A review of the billing records submitted with Petitioner's request reveal that several of the tasks performed by attorney Von Kuhn in this matter are more properly billed using a paralegal rate.[4] In the Vaccine Program, "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries represent reasonably performed work, they must be charged at a reduced rate comparable to that of a paralegal.

---

[3] *See McCulloch v. Sec'y of Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Entries considered paralegal in nature include drafting basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statement of completion, cover sheet, drafting requests for medical records, correspondence to medical records providers, telephone calls to medical records providers, and any communications to medical providers to follow up on pending medical records. Specific billing entries reflecting paralegal tasks that have been improperly billed in this matter include, but are not limited to, the following dated entries: 8/15/22: "Telephone – Darlene at Dr. Donohue's office re: requested medical report." 12/20/22: "Telephone – Court Clerk." 1/4/23 (five entries) re telephone calls and correspondence to several medical providers. 1/5/23: (two entries): "Correspondence – Yale New Haven Hospital and doctors re request for certified medical records and Correspondence – Patti Elderkin re request for certified medical records." 3/27/23: Correspondence re medical records; 3/28/23; 9/12/23, these entries reflect a combined total of 2.20 hours of time billed on paralegal tasks. ECF No. 42 at 11-13.

3

Accordingly, I hereby apply the reduced rate of $177.00 only for those tasks considered paralegal in nature. **Application of the foregoing reduces the amount of fees to be awarded by $380.60.**[5]

*C. Litigation Costs*

Petitioner requests $2,710.76 in litigation costs comprised of medical records costs, shipping charges, the Court's filing fee, and expert costs. Petitioner has provided supporting documentation for all claimed costs. ECF No. 42-2. And Respondent offered no specific objection to the rates or amounts sought.

The amount requested in expert costs consist of $1,250.00 for the medical report prepared by Dr. Kenneth Donohue, an upper extremity shoulder and elbow specialist at Yale Medicine Orthopaedics & Rehabilitation. However, the invoice submitted in support of this request does not meet the Vaccine Program's requirements, as it reflects a flat fee without specifying how many hours the expert expended on his report, nor the proposed hourly rate billed for his work. ECF No. 42 at 23.

Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program, "[t]he application for payment of experts' fees and costs must contain the same supporting documentation that is required for attorneys' fees and costs. In particular, the expert's services must be identified with particularity in contemporaneous, dated records indicating the amount of time spent on each task…**With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claimed, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records**." *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 74-77 (emphasis added).[6]

It is incumbent upon counsel to apprise all experts they retain regarding the specific requirements for preparing invoices in the Vaccine Program. I will nevertheless reimburse all costs in full. But Petitioner's counsel should note that future requests for expert costs may result in a curtailed award if the supporting documentation does not meet the Vaccine Program's requirements.

---

[5] This amount consists of reducing Mr. Kuhn's rate for tasks considered paralegal in nature and is calculated as follows: ($350.00 - $177.00 = $173.00 x 2.20 hours billed) = $380.60.

[6] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

4

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $20,565.16 (representing $17,854.40 in fees plus $2,710.76 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.